IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HARRISBURG DAIRIES, INC.,** | **CIVIL NO. 1:CV-07-1090** |
| **Plaintiff,** | |
| v. | **JUDGE SYLVIA H. RAMBO** |
| **SELECTIVE INSURANCE COMPANY OF AMERICA t/d/b/a SELECTIVE INSURANCE and SELECTIVE WAY INSURANCE COMPANY, and WALKER STAINLESS EQUIPMENT COMPANY, LLC t/d/b/a WALKER EQUIPMENT COMPANY n/k/a WALKER ENGINEERED PRODUCTS,** | |
| **Defendants.** | |

**M E M O R A N D U M**

This case arises out of the collapse of a milk silo on Plaintiff's property. After the collapse, Plaintiff brought suit against Selective Insurance Company of America t/d/b/a Selective Insurance and Selective Way Insurance Company ("Selective") and the manufacturer of the silo, Walker Stainless Equipment Company, LLC t/d/b/a Walker Equipment Company n/k/a Walker Engineered Products ("Walker"). Before the court is Selective's motion to dismiss the bad faith claim in Count II, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. For the reasons that follow, the motion will be granted in part and denied in part.

**I.     Background**

　　**A.     Facts**

On July 30, 2002, Plaintiff purchased a milk silo from Walker, which Walker delivered and installed at Plaintiff's business. (Compl. ¶ 7.) On July 8,

2005, Selective issued an insurance policy for the silo effective from July 1, 2005 until July 1, 2006.  (*Id.* ¶ 8.)  Before the policy was issued, Plaintiff advised Selective that it had suffered a milk silo collapse on a prior occasion.  (*Id.* ¶ 9.)  Additionally, Selective conducted a loss-risk assessment, during which time Selective uncovered a defect in the sprinkler system, but not in the design of the milk silo.  (*Id.* ¶ 10.)

On February 20, 2006, one of the milk silos purchased on July 30, 2005 collapsed,[1] resulting in the loss of the silo and the milk it contained, and a disruption of Plaintiff's business.  (*Id.* ¶ 11.)  Plaintiff filed a claim with Selective pursuant to its insurance policy for the loss caused by the silo collapse.  Selective hired an engineer to investigate the collapse, who determined that the collapse was caused by a design defect in the silo.  (*Id.* ¶ 15.)  Selective denied the claim on the ground that a collapse caused by a design defect is specifically excluded from coverage by the terms of the policy.  (*Id.* ¶ 14.)  Plaintiff claims that it did not receive a copy of the additional policy form setting forth this exclusion until February 28, 2006, after the collapse had already occurred.  (*Id.*)

### B.  **Procedural History**

On May 10, 2007, Plaintiff filed suit in the Court of Common Pleas of Dauphin County, Pennsylvania against Selective and Walker.  Plaintiff's complaint states two counts against Selective.  In Count I, Plaintiff alleges that it is "entitled to coverage from the type of loss and damage" it sustained (Doc. 1 ¶¶ 18, 19), or in the alternative, that "Selective breached its contract with Plaintiff by failing to provide Plaintiff coverage for the type of loss sustained."  (Doc. 1 ¶ 21.)  In Count II,

---

[1] In its brief in opposition to the motion to dismiss, Plaintiff now asserts that the milk silo "imploded" rather than "collapsed."  (Doc. 14 at 1.)  However, Plaintiff has not sought leave to file an amended complaint to correct this characterization.  Accordingly, the court will refer to the silo's "collapse" in this opinion.

Plaintiff alleges that Selective acted in bad faith in denying Plaintiff's claim because Selective "knew, or should have known, whether or not any 'design defects' or other possible exclusions from coverage existed prior to or at the time issuing of the July 1, 2005 policy and had an obligation to advise or otherwise inform Plaintiff of the same prior to issuing the policy and/or accepting the $400,000.00 insurance premium from Plaintiff." (*Id.* ¶ 27.) Additionally, Plaintiff asserts Selective acted in bad faith because "Selective lacked a reasonable basis for denying and/or refusing to make payments to Plaintiff for the loss and damages suffered from the February 20, 2006 milk silo collapse and knew or recklessly disregarded the lack of such a reasonable basis when Selective denied the claim." (*Id.* ¶ 28.)

On June 18, 2007, Defendant Walker filed a motion for removal of the action to federal court. (Doc. 1.) On July 5, 2007, Defendant Selective filed a motion to dismiss the bad faith claim stated in Count II of the complaint (Doc. 5.) A brief in support thereof was filed on July 25, 2007 (Doc. 13.) On August 14, 2007, Plaintiff filed a brief in opposition. (Doc. 14.) A reply brief was filed by Selective on August 22, 2007. (Doc. 20.) Accordingly, the matter has been fully briefed and is ripe for disposition.

**II.**     **Legal Standard**

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Fair notice" in Rule 8(a)(2) "depends on the type of case — some complaints will require at least some factual allegations to make out a showing that

the pleader is entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted). "A situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Id.* A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief. *Twombly*, 127 S. Ct. at 1965; *accord, e.g., Phillips*, 515 F.3d at 238-39; *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (The court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation." (quotations and citations omitted)); *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007). *Accord Phillips*, 515 F.3d at 233. If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Twombly*, 127 S. Ct. at 1965, 1974; *Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Caroll*, 495 F.3d 62, 66 (3d Cir. 2007). This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Twombly*, 127 S. Ct. at 1965.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."[2] *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Id.* Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

## III.    Discussion

Plaintiff's bad faith claim is pursuant to 42 Pa. Cons. Stat. Ann. § 8371, which permits an insured to recover punitive damages from an insurance company

---

[2] In its opposition brief, Plaintiff asserts that "it is inappropriate to dismiss Plaintiff's claims at this juncture as Plaintiff has not yet had the opportunity to compile all the evidence to support the facts alleged in the complaint." (Doc. 14 at 3.) Plaintiff misunderstands the nature of a motion to dismiss, which tests the sufficiency of the facts and allegations in the complaint, not the sufficiency of the evidence adduced by the parties.

which denies a claim in bad faith. Defendant argues Plaintiff's allegations are not cognizable because they fall outside the scope of the statute.[3]

Pennsylvania's bad faith statute provides that:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> (2) Award punitive damages against the insurer.
> (3) Assess court costs and attorney fees against the insurer.

*Id.* "Bad faith" has a precise meaning under Pennsylvania insurance law. "To recover under a claim of bad faith, the plaintiff must show that the defendant did not have a reasonable basis for denying benefits under the policy and that the defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim." *Terletsky v. Prudential Prop.& Cas. Co.*, 649 A.2d 680, 688 (Pa. Super. 1994).

Pennsylvania courts have consistently held that the bad faith statute applies only to an insurance company's handling of claims pursuant to the insurance agreement, and not to actions taken by an insurance company that fall outside of its obligations under the policy. *See Ridgeway v. U.S. Life Credit Life Ins. Co.*, 793 A.2d 972 (Pa. Super. 2002). The Pennsylvania Supreme Court reaffirmed this interpretation most recently in *Toy v. Metropolitan Life Insurance Company*, where it held that the bad faith statute did not extend to actions by an insurance company in persuading the insured to purchase a policy. 928 A.2d 186, 200 (2007). Instead, the statute applies only to actions arising out of the insurance company's performance

---

[3] Defendant also argues that the bad faith claim must fail because its decision to deny coverage for the collapse was reasonable due to the fact that Selective hired an independent expert and investigated the claim. This argument goes to the sufficiency of the evidence, not the allegations in the complaint, and is not appropriate for consideration on a motion to dismiss.

pursuant to the insurance contract, such as the company's failure to defend a claim or make a payment on a claim. *Id.*

Contrary to Selective's characterization of Plaintiff's inartfully drafted complaint, the court finds that Plaintiff makes two separate allegations in support of its bad faith claim against Selective, which will be addressed separately.  First, Plaintiff alleges that "Selective lacked a reasonable basis for denying and/or refusing to make payments to Plaintiff for the loss and damages suffered from the February 20, 2006 milk silo collapse and knew or recklessly disregarded the lack of such a reasonable basis when Selective denied the claim." (Doc. 1 ¶ 28.)  This allegation, read in conjunction with the whole of Plaintiff's complaint, including the breach of contract claim, is sufficient to state a claim of bad faith.  In the complaint, Plaintiff alleges that Selective denied Plaintiff's claim on the basis of a policy exclusion not previously disclosed by Selective, and thus not enforceable.[4]  Additionally, Plaintiff alleges that Selective hired an inspector charged with the duty of classifying Plaintiff's loss under a policy exclusion.  Both of these allegations involve unreasonable conduct on the part of Selective arising out of the insurance policy.  Thus, to the extent that Plaintiff alleges Selective acted in bad faith by breaching the terms of the policy, this claim is cognizable under the bad faith statute.

However, Plaintiff also advances an alternative theory of bad faith liability that falls outside the scope of the bad faith statute.  Plaintiff alleges that Selective "knew, or should have known, whether or not any 'design defects' or other possible exclusions from coverage existed *prior to or at the time issuing* of the July 1, 2005 policy and had an obligation to advise or otherwise inform Plaintiff of the

---

[4] In its motion to dismiss, Selective ignores Plaintiff's allegation that it failed to disclose the policy exclusion at issue until after Plaintiff made its claim.  Whether the exclusion was in fact disclosed is a question of fact.  On this motion to dismiss, the court must accept Plaintiff's allegation that the term was not previously disclosed.

7

same prior to issuing the policy and/or accepting the $400,000.00 insurance premium from Plaintiff." (*Id.* ¶ 27 (emphasis added).)  Essentially Plaintiff argues that Selective had an obligation to inform it that the silo was defectively designed or provide coverage for design defects leading to collapse.  This claim is outside the scope of the policy agreement between the parties and thus analogous to the type of claim rejected in *Toy*.  For this reason, the claim is not cognizable under the bad faith statute and must be dismissed.

## IV.     Conclusion

In accordance with the foregoing discussion, Defendant Selective's motion to dismiss will be granted in part and denied in part.  An appropriate order will issue.

> s/Sylvia H. Rambo
> SYLVIA H. RAMBO
> United States District Judge

Dated:  April 23, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HARRISBURG DAIRIES, INC.,** | **CIVIL NO. 1:CV-07-1090** |
| **Plaintiff,** | |
| v. | **JUDGE SYLVIA H. RAMBO** |
| **SELECTIVE INSURANCE COMPANY OF AMERICA t/d/b/a SELECTIVE INSURANCE and SELECTIVE WAY INSURANCE COMPANY, and WALKER STAINLESS EQUIPMENT COMPANY, LLC t/d/b/a WALKER EQUIPMENT COMPANY n/k/a WALKER ENGINEERED PRODUCTS,** | |
| **Defendants.** | |

## O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** Defendant Selective's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) With respect to Plaintiff's bad faith claims in Count II that are based on matters outside the scope of the policy, Defendant's motion is **GRANTED**.

(2) The motion is **DENIED** in all other respects.

                                                  s/Sylvia H. Rambo
                                                  SYLVIA H. RAMBO
                                                  United States District Judge

Dated: April 23, 2008.